UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| KEVIN JOSEPH SMITH,<br><br>                    Plaintiff,<br><br>         v.<br><br>AL STICKNEY, et al.,<br><br>                    Defendants. | Case No. C11-1874-JLR-BAT<br><br>**REPORT AND RECOMMENDATION** |

While incarcerated as a state prisoner, Kevin Smith filed a pro se 42 U.S.C. § 1983 civil rights complaint. Dkt. 11. Since filing the complaint, Mr. Smith was released from custody. Dkt. 17. Finding the complaint deficient, the Court granted Mr. Smith leave to amend the complaint and advised him the failure to do so by August 31, 2012, would result in a recommendation the complaint be dismissed. Dkt. 18. Because Mr. Smith has not responded to the Court's order, the Court recommends the case be **DISMISSED** without prejudice.

**DISCUSSION**

The complaint alleges Mr. Smith was denied medical treatment, was discriminated against, was held at the wrong custody level and denied camp, and that he was retaliated against. The complaint contains no facts in support of the allegations but, instead, incorporates by reference, a civil complaint previously submitted to, and rejected by, the Snohomish County

REPORT AND RECOMMENDATION - 1

Superior Court. Mr. Smith names three corrections employees as defendants in his complaint: Al Stickney, Sgt. Silva, and Ms. Hall.

To sustain a § 1983 civil rights action, Mr. Smith must show his federal constitutional or statutory rights were violated and that the violation was proximately caused by a person acting under color of state or federal law. *See Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). To satisfy the second prong, Mr. Smith must allege facts showing how individually named defendant caused, or personally participated in causing, the harm alleged in the complaint. *See Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981).

Here, neither the complaint nor the documents attached to it adequately set forth a claim for relief under § 1983. Mr. Smith first claims defendants violated his right to medical treatment. He also appears to claim in the state court complaint that he attempts to incorporated by reference that defendants failed to protect him from other inmates. Though Mr. Smith did not identify the constitutional right at issue, his claims appear to implicate his rights under the Eighth Amendment. The Eighth Amendment imposes a duty upon prison officials to provide humane conditions of confinement. *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). This duty includes ensuring that inmates receive adequate food, clothing, shelter, and medical care, and taking reasonable measures to guarantee the safety of inmates. *Id*.

In order to establish an Eighth Amendment violation, a prisoner must satisfy a two-part test containing both an objective and a subjective component. The Eighth Amendment standard requires proof that (1) the alleged wrongdoing was objectively "harmful enough" to establish a constitutional violation; and (2) the prison official acted with a sufficiently culpable state of mind. *Farmer v. Brennan*, 511 U.S. at 834. The objective component of an Eighth Amendment claim is "contextual and responsive to 'contemporary standards of decency.'" *Hudson v.*

REPORT AND RECOMMENDATION - 2

*McMillian*, 503 U.S. 1, 8 (1992) (quoting *Estelle v. Gamble*, 429 U.S. 97, 103 (1976)).  The state of mind requirement under the subjective component of the Eighth Amendment standard has been defined as "deliberate indifference" to an inmate's health or safety.  *Farmer v. Brennan*, 511 U.S. at 834.

Mr. Smith's claims that defendants violated his right to medical treatment and failed to protect him from harm at the hands of other inmates do not meet the above standard as he has not alleged facts demonstrating he suffered any actual harm as a result of defendants' actions nor has he alleged facts demonstrating that any of the named defendants were deliberately indifferent to his health or safety.

The complaint also alleges Mr. Smith has been discriminated against.  This claim appears to implicate his rights under the Equal Protection Clause.  In order to state an equal protection claim under § 1983, Mr. Smith must show the defendants acted with an intent or purpose to discriminate against the plaintiff based upon his membership in a protected class.  *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998).  Mr. Smith fails to identify the protected class in which he claims membership and his claims of discriminatory conduct on the part of defendants are conclusory at best.

Mr. Smith further claims he was being held at the wrong custody level and was denied a camp placement.  He does not identify the constitutional right implicated by this claim.  Assuming he intends to assert a due process violation, the law is clear that the transfer of an inmate from one institution to another does not implicate a protected liberty interest.  *Meachum v. Fano*, 427 U.S. 215, 223-27 (1976).  Likewise, a prisoner does not have a liberty interest in a particular classification status.  *Hernandez v. Johnston*, 833 F.2d 1316, 1318 (9th Cir. 1987) (citing *Moody v. Daggett*, 429 U.S. 78 (1976)).  Mr. Smith's claim pertaining to his classification

therefore does not appear to implicate federal constitutional concerns.

Finally, Mr. Smith claims defendants retaliated against him for filing a complaint under the Prison Rape Eliminate Act ("PREA") against defendant Hall for allegedly improper questions she posed to plaintiff during an intake interview.  He appears to claim that the denial of camp placement, a requirement that he attend an anger management class, the denial of timely dental care, and his placement in a cell with a known racist all constituted retaliation by defendants for the PREA complaint.

In order to state a retaliation claim under § 1983, Mr. Smith must allege both that the retaliation was because of his exercise of constitutional rights, and that the prison authorities' retaliatory action did not advance legitimate goals of the correctional institution or was not tailored narrowly enough to achieve such goals.  *Rizzo v. Dawson*, 778 F.2d 527, 532 (9th Cir. 1985); *Barnett v. Centoni*, 31 F.3d 813, 815-16 (9th Cir. 1994); *Pratt v. Rowland*, 65 F.3d 802, 806 (9th Cir. 1995).

The decisions cited by Mr. Smith as demonstrating retaliatory conduct by defendants; *i.e.*, those regarding classification, placement and programming, are the types of decisions which might reasonably be attributable to legitimate institutional objectives.  His assertion that these prison decisions are attributable to his filing of a PREA complaint is speculative at best.

Mr. Smith's complaint has been pending before the Court since the beginning of the year. Because the complaint failed to state a claim upon which relief may be granted, on January 6, 2012, the Court granted Mr. Smith leave to file an amended complaint by February 6, 2012.  Dkt. 12.  Mr. Smith moved for additional time on the grounds he was being transferred and was without his legal paperwork.  The Court granted him up to June 11, 2012, to file an amended complaint.  Dkt. 15.  In June, 2012 Mr. Smith again moved for a continuance for an unspecified

REPORT AND RECOMMENDATION - 4

1  time. Dkt. 16.  The Court granted him until August 31. 2012.  Dkt. 18.

2       Since June 6, 2012, when Mr. Smith filed a letter indicating he had been released from
3  custody and was living in the community, the Court has received nothing from him.  Given the
4  amount of time that has passed since the complaint was first received, the number of
5  continuances and the lack of any contact from Mr. Smith, the Court recommends the complaint
6  be **DISMISSED** without prejudice for failing to state a claim upon which relief may be granted.

7       Any objections to this Recommendation must be filed and served upon all parties no later
8  than **September 18, 2012.**  The Clerk should note the matter for September 21, 2012, as ready
9  for the District Judge's consideration.  Objections shall not exceed ten pages.  The failure to
10 timely object may affect the right to appeal.

11      DATED this 4th day of September, 2012.

13                                              BRIAN A. TSUCHIDA
                                                United States Magistrate Judge